UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          **Case No. 8:09-CR-257-T-27AEP**

FRANKIE CUEVAS
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion to Reduce Sentence 18 U.S.C. § 3582(c)(1)(B) (Dkt. 125). The motion is construed to seek relief under the First Step Act of 2018.[1] Upon consideration, the motion is **DENIED**.

Defendant stands convicted by guilty plea of conspiracy to possess with intent to distribute cocaine, and was sentenced on March 30, 2010 to an enhanced penalty of 180 months, followed by a 6 year term of supervised release (Dkt. 77; PSR ¶ 89-90). His sentence was affirmed (Dkt. 85).

Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a " 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010." Relevant here, Section 2 of the FSA increased the threshold quantities of *crack cocaine* required to trigger the minimum mandatory penalties for violations of § 841(a).

Defendant's offense of conviction involved cocaine, not cocaine base. His offense of conviction is not a "covered offense" as defined in Section 404 of the First Step Act, since the statutory penalties for his offense were not modified by Section 2 or 3 of the Fair Sentencing Act of 2010.[2] He is therefore not eligible for a sentence reduction under Section 404 of the First Step Act

---

[1] The Federal Public Defender was appointed and represents that it has determined that Defendant is not eligible for a sentence reduction under Section 404 of the First Step Act of 2018 (Dkts. 126, 129).

[2] The United States Probation Office submitted a memorandum recommending that Defendant is not eligible for a sentence reduction because "the offense of conviction is not a 'covered offense' as defined by Section 404." (Dkt. 127).

because retroactive application of the Fair Sentencing Act does not reduce the statutory penalties he faced. And construing his motion liberally, Defendant contends that the First Step Act retroactively modified the types of prior convictions for sentencing enhancements under 21 U.S.C. § 841. Section 401 of the First Step Act, which amended and modified the types of qualifying prior convictions for enhancements under 21 U.S.C. § 841(b)(1)(A), applies to offenses that were "committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment . . ..*" First Step Act, Pub. L. No. 115-391, § 401(c) (emphasis added). Since Defendant was sentenced before enactment of the First Step Act, the modifications do not apply. And the modifications are not retroactive.

**DONE AND ORDERED** this 26th day of August, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Counsel of Record, *pro se* Defendant